SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone:  (415) 436-6960
   Facsimile:  (415) 436-6982
   E-Mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00697 DLJ |
|    Plaintiff, | |
|    v. | STIPULATION AND ORDER RESCHEDULING HEARING EXCLUDING TIME |
| WARREN STEVEN SMITH, a/k/a "Night Train," | |
|    Defendant. | |

     Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

     1.    On October 19, 2006, a federal grand jury indicted defendant Warren Steven Smith for distribution of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii).

     2.    On April 20, 2007, a status conference was held before the Honorable D. Lowell Jensen, United States District Judge.  At that time, defendant requested, and the Court ordered, that the matter be continued until April 27, 2007, for a change of plea.

STIPULATION AND PROPOSED ORDER
RESCHEDULING HEARING AND EXCLUDE TIME
CR 06-00697 DLJ                        1

3.    On April 24 and 25, the government produced over one hundred pages of discovery relating to defendant's instant indictment and his prior criminal history. In light of the need for defendant's counsel to review this discovery, and because plea negotiations are continuing (specifically, whether defendant would plead to the indictment or pursuant to a plea agreement) defendant and the government request that the April 27, 2007, change of plea hearing be vacated and that a change of plea hearing be scheduled for 9:00 a.m. on May 4, 2007.

4.    Given the need for defendant's counsel to review the recently produced discovery and for the parties to continue plea negotiations in light of that discovery, the parties agree that the time period of April 20, 2007, through May 4, 2007, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv). The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

IT IS SO STIPULATED.

DATE: April 30, 2007                        Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

                                                            /s/[1]
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    /s/
RANDY SUE POLLOCK, ESQ.

Counsel for Warren Steven Smith

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND PROPOSED ORDER
RESCHEDULING HEARING AND EXCLUDE TIME
CR 06-00697 DLJ                        2

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The previously scheduled April 27, 2007, change of plea hearing is vacated. A hearing for change of plea is now scheduled for 9:00 a.m. on May 4, 2007.

2. The time period from April 20, 2007, to May 4, 2007, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED:  May 1, 2007

HONORABLE D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE

STIPULATION AND PROPOSED ORDER
RESCHEDULING HEARING AND EXCLUDE TIME
CR 06-00697 DLJ                     3